IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MONTALVO,

        Petitioner,                    No. CIV S-08-1197 GEB EFB P

    vs.

J. WALKER,

        Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the May 30, 2008 petition. Respondent moves to dismiss this action on the grounds that it is untimely and procedurally barred. As explained below, the petition is untimely and respondent's motion must be granted.

**I.    Procedural History**

        Petitioner is an inmate housed at California State Prison-Sacramento. Pet. at 2.[1] On November 19, 2005, a correctional officer found an inmate-manufactured hypodermic syringe in petitioner's mattress, possession of which is a violation of the California Department of

---

[1] The petition and attached exhibits are not consecutively numbered. Accordingly, all pinpoint references to the petition herein will correspond to the page number as it appears on the docket.

1

Corrections and Rehabilitation's ("CDCR") rules. *Id.* at 18; *see also* Cal. Code Regs. tit. 15, § 3016(b). On November 26, 2005, petitioner was charged with and found guilty of the rule violation. Pet. at 24-25; Resp.'s Mot. to Dism., Ex. 1 at 8. On or about February 15, 2006, petitioner filed an inmate appeal requesting that the finding of guilt be reversed. Pet. at 19; Mot. to Dism., Ex. 1 at 8. On February 17, 2006, his appeal was screened out as untimely. *Id*.

On June 22, 2006, petitioner filed a habeas petition in the Sacramento County Superior Court, wherein he challenged the findings contained in the November 26, 2005, rules violation report. Pet. at 11-16, 26-28. On August 3, 2006, the superior court denied his petition. *Id.* at 26-28. Petitioner did not file a habeas petition in the California Court of Appeal. *Id.* at 5; Pet.'s Opp'n at 2:8-11. On August 6, 2007, however, he filed a habeas petition in the California Supreme Court. Resp.'s Mot. to Dism., Ex. 1 at 3. On August 29, 2007, the California Supreme Court denied his petition. *Id.* at 2; Pet. at 17. On May 30, 2008, petitioner filed the instant petition.

## II.     Standards

A one-year statute of limitations "applies to all habeas petitions filed by persons 'in custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted); *see also Redd v. McGrath*, 343 F.3d 1077, 1079, 1081-83 (9th Cir. 2003). The limitations period begins to run the day after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Redd*, 343 F.3d at 1083.

The limitations period is tolled while a "properly filed" application for state post-conviction relief is "pending" in the state court. 28 U.S.C. § 2244(d)(2). In California, a properly filed post-conviction application is "pending" during reasonable intervals between a lower court's decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002). Thus, if the petitioner "unreasonably delays" in filing a subsequent petition

after a lower court's denial, the petition is no longer "pending" and the statute of limitations will not be tolled. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006). Petitioner has the burden of showing facts entitling him to statutory tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

**III.   Analysis**

In this case, the one-year statute of limitations began to run on February 18, 2006, the day after petitioner's untimely administrative appeal was screened out. *See Shelby*, 391 F.3d at 1066 (limitations period begins running after notice of denial of appeal); *Redd*, 343 F.3d at 1082 (same). Petitioner does not dispute that he was aware of the factual basis for his claim on this date.

The limitations period ran for 125 days from February 18, 2006, until June 22, 2006, when petitioner filed his superior court petition. The limitations period was tolled until August 3, 2006, when his superior court petition was denied. The clock began to run again on August 3, 2006 until August 6, 2007, when petitioner filed his next habeas petition in the California Supreme Court. Petitioner has not met his burden of demonstrating he is entitled to tolling during this 368 day interval.[2] As noted above, if a petitioner "unreasonably delays" in filing a subsequent petition after a lower court's denial, the petition is no longer "pending" and the statute of limitations will not be tolled. *See Evans*, 546 U.S. at 201. In California, unjustified delays greater than six months are considered unreasonable. *See id.* (stating that California courts would not "consider an unjustified or unexplained six month filing delay 'reasonable'" and that "an unexplained delay of this magnitude" could not "fall within the scope of the federal

---

[2] Instead, petitioner argues that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "is being used against [him] by respondent" and is an "ex post facto violation." Pet.'s Opp'n at 3:10-27. This argument is without merit. While petitioner's argument focuses on the fact that he was convicted and sentenced to state prison prior to AEDPA's enactment, petitioner is presently challenging an administrative decision made well after AEDPA's enactment. Thus, there is no basis for finding that AEDPA is being applied to petitioner retroactively.

statutory word 'pending' as interpreted in *Saffold*.").

With the 42 days of tolling during the time the superior court petition was pending, petitioner had until April 2, 2007 to file the instant petition. However, he did not file the petition until May 30, 2008. Additionally, his California Supreme Court petition cannot provide any basis for tolling because it was filed on August 6, 2007, four months after the federal limitations period expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed). Since the federal petition is late, this action must be dismissed as untimely.

Accordingly, it is hereby RECOMMENDED that respondent's August 20, 2008, motion to dismiss this action as untimely be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE